IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

DIONISIO BENÍTEZ-RODRÍGUEZ,

    **Plaintiff**,

    v.

FEDERAL DEPOSIT INSURANCE
CORPORATION, as receiver for
DORAL BANK

    **Defendant.**

**Civil No.** 15-1678 (FAB)

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

    Defendant Federal Deposit Insurance Corporation, as receiver for Doral Bank ("FDIC-R"), moves to dismiss the claims set forth by plaintiff Dionisio Benítez-Rodríguez ("Benítez") pursuant to Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)"). (Docket No. 17.)  For the reasons set forth below, the Court **GRANTS** the FDIC-R's motion to dismiss.

**I.  Background**

    Doral Bank ("Doral") loaned Benítez $206,400.00 to purchase a property in Gurabo, Puerto Rico.  (Docket No. 13, Ex. 1 at p. 56.)  Benítez defaulted on the loan, prompting Doral to commence a foreclosure action in the Puerto Rico Court of First Instance, Caguas Division, on April 7, 2014 (hereinafter the "foreclosure action").  Id.; see Doral Bank v. Benítez-Rodríguez, Case No.

EAC2014-0415.  Doral moved for summary judgment on April 22, 2014. (Docket No. 13, Ex. 1 at p. 40.)  The Court of First Instance granted Doral's motion for summary judgment, ordering Benítez to pay "$180.58.88 [*sic*] in principal, plus interests [*sic*] at 6.950% annually starting October 1, 2013, as well as the current and future interests [*sic*] accrued beginning on that date until the debt is paid in full."  Id. at p. 45.  In the event that Benítez failed to comply with the revised payment schedule, the Court of First Instance ordered the "Marshalls [*sic*] to sell the mortgaged property . . . and to apply to the debt monies received from the sale."  Id.[1]

On December 31, 2014, Benítez commenced an action against Doral, asserting that Doral "fraudulently alleged that it was the holder by endorsement of the Original PROMISSORY NOTE, which it was not, which constitutes fraud on the Court" (hereinafter the "fraud causes of action").  Docket No. 15, Ex. 1 at p. 12; see Benítez-Rodríguez v. Doral Bank, Case No. EAC2014-0538704. Benítez requested that the Court of First Instance, Caguas Division, nullify the foreclosure action.  Id.

---

[1] The Court of First Instance ordered Benítez to commence the revised payment schedule on October, 2013.  (Docket No. 13, Ex. 1 at p. 45.)  The Court of First Instance issued the judgment, however, on November 12, 2014.  Id. at p. 46. This discrepancy is immaterial to the Court's subject matter jurisdiction analysis.

Before disposition of the fraud causes of action, the Office of the Commissioner of Financial Institutions closed Doral and appointed the FDIC-R to serve as Doral's receiver. (Docket No. 1. at p. 1.) The FDIC-R "succeeded to all of Doral's rights, titles, powers, privileges, assets, and liabilities, including Doral's interest in this pending action." Id. (citing 12 U.S.C. § 1821(d)); see O'Melveny & Myers v. FDIC, 512 U.S. 79, 86 (1994) (holding that pursuant to the language of 12 U.S.C. section 1821(d), the FDIC "steps into the shoes" of a failed institution). On May 14, 2015, the FDIC-R notified Benítez that "any claims against [Doral] must be filed **on or before June 04, 2015** (the 'Claims Bar Date')." (Docket No. 17, Ex. 1 at p. 4.) The notice provided that:

> In order for the Receiver to consider your claim you must submit the properly completed Proof of Claim Form along with the supporting documentation to the Receiver by the Claims Bar Date . . . Failure to file your claim on or before the Claims Bar Date will result in disallowance by the Receiver, and the disallowance will be final.

Id. (citing 12 U.S.C. § 1821(d)(5)(c)(i)). The FDIC-R also mailed the notice to Benítez's attorney. (Docket No. 17. Ex. 1 at p. 11.)

The FDIC-R removed the fraud causes of action to this Court on May 27, 2015. (Docket No. 1.) The Court stayed this action, however, "until September 8, 2015 or for 60 days after the

disallowance of claims, whichever date [occurred] first." (Docket No. 10.) The stay allowed Benítez "to exhaust the administrative remedies allowed by the Financial Institutions Reform, Recovery and Enforcement Act (FIRREA)." Id. Benítez did not file "an administrative claim with the FDIC-R by the Claims Bar Date and/or the submission deadline." (Docket No. 17, Ex. 1 at p. 3.) The FDIC-R moves to dismiss the fraud causes of action because Benítez failed to comply with the administrative review process in FIRREA. (Docket No. 17 at p. 8.) The FDIC-R's motion to dismiss is unopposed.

## II. Motion to Dismiss

The FDIC-R moves to dismiss the fraud causes of action pursuant to Federal Rule of Civil Procedure 12(b)(1). (Docket No. 17 at p. 1.) Pursuant to Rule 12(b)(1), a party may move to dismiss an action for lack of subject-matter jurisdiction. See Fed. R. Civ. P. 12(b)(1). Subject-matter jurisdiction is properly invoked when a plaintiff asserts a colorable claim "arising under" the United States Constitution or federal law. 28 U.S.C. § 1331; Arbaugh v. Y&H Corp., 546 U.S. 500, 513 (2006) (internal citation omitted). In considering a Rule 12(b)(1) motion, the Court "must credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor." Merlonghi v. U.S., 620 F.3d 50, 54 (1st Cir. 2010) (internal citations omitted).

**A. FIRREA Sets Forth a Mandatory Administrative Claims Process**

The Financial Institutions Reform, Recovery and Enforcement Act of 1989 sets forth a statutory claims process "designed to create an efficient administrative protocol for processing claims against failed banks." Marquis v. FDIC, 965 F.2d 1148, 1154 (1st Cir. 1992). Pursuant to this review process, the FDIC is required "to publish notice that the failed institution's creditors must file claims with the FDIC by a specified date, which must be at least ninety days after publication of the notice." Acosta-Ramírez v. Banco Popular de Puerto Rico, 712 F.3d 14, 19 (1st Cir. 2013) (citing 12 U.S.C. § 1821(d)(3)(B)(i)).

If a timely claim is filed, the FDIC must approve or disallow the claim within 180 days. Acosta-Ramírez, 712 F.3d at 19 (citing § 1821(d)(5)(A)(i)). "Claimants then have sixty days from the date of disallowance or from the expiration of the 180-day administrative decision deadline to seek judicial review in an appropriate federal district court (or to seek administrative review)." Id. at 19 (citing 12 U.S.C. § 1821(d)(6)(A)). The First Circuit Court of Appeals has held that failure to comply with the administrative claims process "deprives the courts of subject

matter jurisdiction over any claim to assets of the failed financial institution." Simon v. FDIC, 48 F.3d 53, 56 (1st Cir. 1995) (citing 12 U.S.C. § 1821(d)(13)(D)(i)).[2] Failure to exhaust the administrative review process in FIRREA warrants dismissal with prejudice. See, e.g., FDIC v. Pedreira-Pérez, 323 F. Supp. 3d 291, 303 (D.P.R. 2018) (Besosa, J.); FDIC v. Estrada-Colón, 848 F. Supp. 2d 206, 212-13 (D.P.R. 2012) (Delgado-Colón, J.).

Benítez did not file a Proof of Claim with the FDIC-R. Consequently, the Court lacks subject matter jurisdiction. The fraud causes of action must be dismissed. See e.g., FDIC v. Ben. Mortg. Corp., 858 F. Supp. 2d 196, 202 (D.P.R. 2012) (Besosa, J.) (holding that defendant "forfeited [his] right to pursue any claim against the failed institution's assets" by failing to submit an administrative claim to the FDIC-R); Silva Bros., Inv. v. FDIC, 894 F. Supp. 42, 45 (D. Mass. 1995) ("Having failed to submit its claims against [the failed bank] to the administrative process provided by FIRREA, Silva Brothers is precluded from litigating

---

[2] FIRREA provides that no court shall have jurisdiction over:

    (i)      any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the [FDIC] has been appointed receiver, including assets which the [FDIC] may acquire from itself as such receiver; or

    (ii)     any claim relating to any act or omission of such institution or the [FDIC] as receiver.

12 U.S.C. § 1821(d)(13)(D).

the matter before this Court."). Accordingly, the Court **grants** the FDIC-R's motion to dismiss.

**III. Conclusion**

For the reasons set forth above, the FDIC-R's motion to dismiss is **GRANTED**. Docket No. 17; see Benítez-Rodríguez v. Doral Bank, Case No. EAC2014-0538704. Benítez's complaint is **DISMISSED WITH PREJUDICE**. Judgment shall be entered accordingly. Because the Court of First Instance, Caguas Division, also lacks subject matter jurisdiction for the reasons set forth in this Memorandum and Order, remand would be a vacuous act.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, April 29, 2019.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE